2009 Ark. App. 471

**Bette GASSMAN, Appellant,**

v.

**Shawn M. McANULTY
et al., Appellees.**

**No. CA 08–902.**

Court of Appeals of Arkansas.

June 17, 2009.

Michael Lipscomb & Associates, by: Michael R. Lipscomb, Hot Springs, for appellant.

Laser Law Firm, P.A., by: Kevin Staten and Brian A. Brown, Little Rock, for appellee.

JOHN MAUZY PITTMAN, Judge.

Appellant was a passenger in a vehicle struck by a pickup truck. She filed a

complaint seeking damages from the truck's driver and insurers for personal injuries that she allegedly sustained in the accident, including severe injury and pain in her right hip. The driver of the pickup truck admitted that the accident was his fault, and trial proceeded on the question of damages. The jury, finding that appellant sustained no injury and incurred no damages in the accident, returned a verdict in favor of appellees. Appellant filed a post-trial motion for judgment notwithstanding the verdict pursuant to Ark. R. Civ. P. 50(b), asserting that the jury's finding that she incurred no damages was not supported by substantial evidence. The trial court denied that motion, and appellant argues on appeal that the trial court erred in so doing. We do not agree, and we affirm.

The facts necessary to an understanding of the issues are few. Appellant was a front-seat passenger in an automobile driven by her friend, Mrs. Mundell, when the vehicle was struck in the front passenger-side fender by a pickup truck driven by appellee Shawn McAnulty. There was substantial evidence that the truck was moving at approximately ten miles per hour at the time of impact and that property damage to Mrs. Mundell's vehicle was limited to a small dent in the passenger door. Both appellant and Mrs. Mundell indicated to Mr. McAnulty that they were uninjured, but they were taken to the emergency room as a precaution. Evidence was presented by appellant to show that she suffered severe injury to her hip and pain as a result of the accident. During his opening statement, defense counsel stated that appellant sustained no injury in the accident but acknowledged that the emergency room and ambulance bills were "appropriate." In closing argument, defense counsel reiterated that all that Mr. McAnulty had been shown to be responsible for was the bill for the ambulance and

emergency room and added that "now, if you feel like [appellant] hasn't been totally honest with you today, then you can simply find for [Mr. McAnulty]." Appellant did not object to this statement. The jury returned a verdict for Mr. McAnulty.

In her brief, appellant summarizes her argument for reversal as follows:

In the instant case Dr. Rudder testified at length about [appellant's] injuries and treatment and that they were reasonable and were caused by the accident aggravating a preexisting condition. Counsel for the defense adeptly cross-examined Dr. Rudder. As stated previously, under these circumstances the jury *may* disregard this testimony if they feel it is controverted or unreliable, etc. However, appellant respectfully submits that they *can not disregard it based on prejudice—or an arbitrary punishment* based upon their perception that appellant was less than candid. That is the narrow issue on this appeal.

In essence, appellant is arguing that the jury was erroneously permitted to rely on defense counsel's statement that, despite appellee's responsibility for ambulance and emergency room expenses, the jury could find for appellee if it felt that appellant had testified dishonestly. We cannot address this argument, however, because it was never presented to the trial court. Arkansas has long held that there must be an immediate objection to any perceived error in closing argument so that the trial court might take such action as is necessary to alleviate any prejudicial effect on the jury. *See, e.g., Butler Manufacturing Co. v. Hughes*, 292 Ark. 198, 729 S.W.2d 142 (1987). Appellant made no such objection below, either at trial or in her post-trial motion for judgment notwithstanding the verdict, and the argument cannot be raised for the first time on appeal.

■ Furthermore, appellant has failed to preserve and thus establish the premise for the above-stated argument, *i.e.*, that appellees, through counsel, admitted liability for the emergency room and ambulance fees. Although it is true that appellees' attorney did make such statements, they were made entirely within the context of opening statement and closing argument, and the jury was instructed without objection that opening statements and closing arguments of attorneys were not evidence. Given that appellant was seeking damages for injury to her hip, we think that counsel's statements might fairly be interpreted as an argument that, although emergency room and ambulance costs could be seen as generally reasonable, the jury could find that they were unreasonable if appellant incurred these expenses with the intent to establish a fraudulent injury claim. In the absence of any assertion below that defense counsel's statements constituted an admission of fact rather than argument in mitigation of liability, or any request by appellant for an instruction to that effect, we cannot say that the jury was required to regard these statements of counsel as admissions of fact as a matter of law.

■ The only issue properly before us is the sufficiency of the evidence to support a finding that appellant suffered no injury and sustained no monetary damages as a result of Mr. McAnulty's admitted negligence. Our supreme court recently enunciated the applicable standard of review:

> Our standard of review of the denial of a motion for directed verdict is whether the jury's verdict is supported by substantial evidence. Similarly, in reviewing the denial of a motion for JNOV, we will reverse only if there is no substantial evidence to support the jury's verdict, and the moving party is entitled to judgment as a matter of law. Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. It is not our place to try issues of fact; rather, we simply review the record for substantial evidence to support the jury's verdict. In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered. A motion for directed verdict should be denied when there is a conflict in the evidence, or when the evidence is such that fair-minded people might reach different conclusions.

*The Medical Assurance Co., Inc. v. Castro,* 2009 Ark. 93, 302 S.W.3d 592.

Viewing the evidence in the light most favorable to the jury's verdict, the record shows that appellant had suffered for many years prior to the accident from chronic hip pain resulting from multiple surgeries in which bone from her hip was harvested to obtain material for grafts to her cervical spine. It is true that Drs. Rudder and Pace opined that appellant's hip pain was proximately caused by the vehicle accident, but there was evidence that these opinions were based on histories given by appellant that denied any hip pain prior to the accident and an immediate onset of pain thereafter. These histories were directly contradicted by extensive medical documentation of chronic pain prior to the accident and the emergency room report immediately after the accident stating that appellant was restrained during the accident, did not hit anything in the vehicle, and reported no pain to the pelvis or hips. Finally, Mrs. Mundell testified that she knew appellant well, that appellant was her best friend, that appellant had complained of hip pain for years

prior to the accident, that appellant complained of no increased hip pain following the accident, and that appellant was in fact able only a few weeks after the accident to travel to New York and to New Zealand where she engaged in tourist activities and returned with the same complaints that she had prior to the accident. On this record, we cannot say that the jury was compelled to find that appellant established injury to her hip as a result of the accident and concomitant damages as a matter of law.

Affirmed.

ROBBINS and GRUBER, JJ., agree.