SLIP OPINION

# ARKANSAS COURT OF APPEALS

## DIVISION I
### No. CV–14–325

| | |
|---|---|
| | **Opinion Delivered** MARCH 4, 2015 |
| WHITEY'S TRUCK CENTER, INC.<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | [NO. 60CV-13-1342] |
| | HONORABLE JAY MOODY, JUDGE |
| TODD ROBINSON<br>APPELLEE | AFFIRMED |

**DAVID M. GLOVER, Judge**

Todd Robinson sued Whitey's Truck Center, alleging that Whitey's failed to properly repair his diesel truck and damaged the truck in attempting to repair it, keeping the truck over a two-year period. Whitey's denied that it had damaged the truck and counterclaimed, seeking payment for the truck repair and storage fees, alleging the fees were precipitated by an insufficient check issued by Robinson. The case was tried to a jury. Following Robinson's case in chief and at the conclusion of the trial, Whitey's moved for a directed verdict on Robinson's claims based on deceptive trade practices, conversion, and breach of contract. The trial court denied the motion regarding breach of contract but granted it on the claims for deceptive trade practices and conversion. The jury found in favor of Robinson on his breach-of-contract claim and against Whitey's on its counterclaim. On December 4, 2013, Whitey's

SLIP OPINION

moved for JNOV or, alternatively, for a new trial. By judgment entered on January 6, 2014, Robinson was awarded $25,000 in damages. On January 16, 2014, Whitey's filed its notice of appeal. On January 17, 2014, Robinson responded to Whitey's motion for JNOV/new trial.

Whitey's submitted a proposed order that would have the trial court grant the motion for new trial. Robinson raised objections to it. On February 11, 2014, which was undisputedly beyond the deemed-denied deadline for doing so, the trial court entered the order granting a new trial. Robinson then also filed a notice of appeal, lodged the record in this case, and submitted an opening brief that challenged the order granting a new trial by contending that it was not timely entered. Whitey's countered by asserting that a series of winter storms swept through Arkansas between February 4 and February 11, 2014.

Our court entered a per curiam order on September 17, 2014, granting Robinson's request to realign the parties to name Whitey's as appellant and Robinson as appellee. As appellant, Whitey's raises three points of appeal: 1) the jury erred in the amount of the recovery by improperly including consequential damages as part of the award and the verdict was clearly contrary to the preponderance of the evidence, requiring reversal and remand for a new trial; 2) if this case is reversed, the entire case should be reversed, not just the damage award; and 3) extenuating circumstances resulted in the circuit court not entering the order granting a new trial until after the expiration of the thirty-day deadline. We affirm the January 6, 2014 judgment.



*Point I*

For ease of discussion, we first address Whitey's third point, contending that the trial court's untimely February 11, 2014 order granting a new trial should be given effect because of extenuating bad-weather circumstances. We disagree.

Rule 59(b) of the Arkansas Rules of Civil Procedure provides:

> (b) *Time for Motion.* A motion for a new trial shall be filed not later than 10 days after the entry of judgment. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. *If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.*

(Emphasis added.)

Rule 6 of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (a) *Computation.* In computing any period of time prescribed or allowed by these rules, by order of the Court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is a Saturday, Sunday, legal holiday, or other day when the clerk's office is closed, in which event the period runs until the end of the next day that the clerk's office is open.* When the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation. As used in this rule and Rule 77(c), "legal holiday" means those days designated as a holiday by the President or Congress of the United States or designated by the laws of this State.

(Emphasis added.)

On December 4, 2013, Whitey's moved for JNOV or, alternatively, for a new trial, i.e., before the judgment was entered. By judgment entered on January 6, 2014, Robinson was awarded $25,000 in damages. On January 16, 2014, Whitey's filed its notice of appeal. On January 17, 2014, Robinson responded to Whitey's motion for JNOV/new trial.

SLIP OPINION

Applying Rule 59(b) to these facts, we treat the motion for new trial as filed on the day after judgment was entered, i.e., as filed on January 7, 2014. Thirty days after that falls on Thursday, February 6, which would be the date that the order should have been deemed denied. It was at that point that the trial court lost jurisdiction to act on the motion for a new trial. However, the trial court entered an order granting the motion for new trial on Tuesday, February 11. On February 18, 2014, Robinson filed his "amended notice of appeal" from the February 11 order.

Whitey's wants our court to take judicial notice of a winter storm in the Little Rock area from February 5 through February 11, 2014, and surmise that travel was too treacherous for the judge until February 11 (not even contending that the courthouse was closed), or, alternatively, he wants us to remand for a factual determination on that issue, arguing:

> Obviously, travel from the judge's home to his office and back would have been treacherous, at best, and *likely* was the reason he did not sign and then enter the order granting the new trial until the weather improved on February 11, 2014, the date the order was entered. If the court will not take judicial notice of the weather conditions then the fair procedure would be to remand this case to take additional proof to supplement and correct the record, as was previously requested by WTC in a motion to this court.

(Emphasis added.)

Whitey's acknowledges that the February 11 order "on its face would suggest that it was entered a couple of days past the thirty (30) day deemed denied rule," but wants us to decide that the trial court's order granting a new trial was timely filed because weather prevented an earlier, timely entry under the rule. We decline to do so. Rules 59(b) and 6 of the Arkansas Rules of Civil Procedure are clear. The trial court lost jurisdiction to rule

SLIP OPINION

on the motion for new trial on February 6, and Whitey's has not presented us with anything that justifies a deviation from Rule 59(b) or that supports a remand to develop facts concerning the winter storm. There is not even an assertion that the courthouse was closed on any critical filing date, and the supposition that travel was likely treacherous for the judge until February 11, 2014, is not pertinent under the rule.

### *Points II and III*

We now return to the first two points raised by Whitey's. In the first, it contends that the jury erred in the amount of the recovery by improperly including consequential damages as part of the award and that the verdict was clearly contrary to the preponderance of the evidence, requiring reversal and remanding for a new trial. We disagree.

Our standard of review in these matters involves the following considerations:

> A directed-verdict motion is a challenge to the sufficiency of the evidence, and when reviewing the denial of a motion for a directed verdict, we determine whether the jury's verdict is supported by substantial evidence. *Spann*, [*v. Lovett & Co.*, 2012 Ark. App. 107, 389 S.W.3d 77]. The same rule applies to motions for JNOV. *Gassman v. McAnulty*, 2009 Ark. App. 471, 325 S.W.3d 897. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without having to resort to speculation or conjecture. *Spann*, *supra*. When determining the sufficiency of the evidence, we review the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered. *Id*. We do not try issues of fact but examine the record to determine whether there is substantial evidence to support the jury's verdict. *Id*. Thus, when testing the sufficiency of the evidence on appellate review, we need only consider the testimony of appellees and evidence that is most favorable to appellees. *Id*. We defer to the jury's resolution of the issue unless we can say that there is no reasonable probability to support the appellee's version. *Id*.

*Acker Constr. LLC v. Tran*, 2012 Ark. App. 214, at 8-9, 396 S.W.3d 279, 287 (2012).

This case went to the jury on Robinson's breach-of-contract claim and on Whitey's



counterclaim for truck–repair payment and truck–storage fees. The jury found in favor of

Robinson on both. The verdict form provides:

> 3. On Todd Robinson's claim of Breach of Contract and Damages, do you find from a preponderance of the evidence that Whitey's Truck Center, Inc. breached its contract with Todd Robinson?
>
> _____*yes*_____YES _____NO
>
> 4. If the answer to Interrogatory No. 3 is YES, then please state the amount of damages which you find that Todd Robinson is owed.
>
> A. *DAMAGES FOR LOSS OF EARNINGS OR PROFITS*
>
> _____$7,750_____;
>
> B. *DAMAGES FOR DAMAGE TO VEHICLE (INCLUDING LOSS OF USE)*
>
> _____$17,250_____;

(Emphasis added.) Additionally, the jury was given the following instruction:

> If an interrogatory requires you to assess the damages of Todd Robinson, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage sustained which you find were proximately caused by the fault of Whitey's Truck Center, Inc. *First, the value of any earnings, profit, salary, or working time lost*; and B, the difference in the fair market value of his truck immediately before and immediately after the occurrence, plus an amount of loss of use. In determining any difference in market value, you may take into consideration the reasonable cost of repairs.

(Emphasis added.) Whitey's did not object to the verdict forms or to this instruction. In

addition, it did not request the model instruction on consequential damages that explains the

"tacit agreement rule," yet it relies upon that rule in urging reversal. We conclude that

Whitey's did not properly preserve at trial the arguments it now wishes to assert on appeal.

Likewise, although Whitey's argues that it had no contractual obligation to Robinson when his check to them bounced, we merely note that Whitey's lost on its counterclaim seeking payment for the truck repair and has not cross-appealed on that point.

Whitey's also contends that the damages awards are not supported by the evidence presented at trial. We disagree. Robinson testified that he is a brick mason; that he relies on his truck for his livelihood; that he was without his truck for almost two years; that he lost several jobs due to his lack of transportation and lost money because of the slowed productivity; and that he had to rent a truck from a commercial company at $100/day and from his brother at $50/day, thereby diminishing his earnings. The jury clearly credited his testimony, and it constituted sufficient evidence on which the jury could determine his loss. Further, there was testimony from two truck mechanics concerning the check valve and failed bearings—i.e., that the check valve was missing from Robinson's truck and the missing check valve and the failed bearings caused engine damage, and refuting allegations that the truck would not have started if the check valve was missing. We conclude that this testimony constitutes sufficient evidence to support the jury's damages verdict.

Because we have concluded that Whitey's has not established a basis for reversal of the January 6, 2014 judgment, its remaining point, seeking reversal of the entire case and not just the damages award if we were to find reversible error regarding the damages award, is moot.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Ed Daniel, IV, P.A.*, by: *Ed Daniel IV*, for appellant.

*Jeff Rosenzweig*, for appellee.